CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 2 8 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| FRANCISCO C. CHAVEZ, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:05CV00034 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| T. A. MCINTYRE, ) | By: Hon. Glen E. Conrad |
| BRIAN WHITED, ) | United States District Judge |
| JOE GERNDT, ) | |
| ) | |
| Defendants. ) | |

Francisco C. Chavez brings this action pursuant to 42 U.S.C. § 1983 against T.A. McIntyre, Brian Whited, and Joe Gerndt, alleging that the defendants violated his Fourth and Fourteenth Amendment rights. Mr. Chavez also asserts several state claims against the defendants, including intimidation, harassment, and violence directed against him as the result of racial or ethnic animosity; assault and battery; intentional and negligent infliction of emotional distress; malicious prosecution; and abuse of process. The case was filed in this court on May 23, 2005. The case is currently before the court on the defendants' motions to dismiss. For the following reasons, the court will deny the defendants' motions to dismiss.

## BACKGROUND

On June 17, 2003, the plaintiff, a Mexican national, was confronted outside his residence by Officer Joe Gerndt, a member of the Front Royal Police Department. (Compl. ¶ 4.) The plaintiff's wife had called the police department because she was afraid that the plaintiff would attempt to drive a vehicle after he had been drinking. (Compl. ¶ 7.) Officers Brian Whited and T.A. McIntyre joined Officer Gerndt, and the plaintiff was told that he was being arrested for

being drunk in public. (Compl. ¶ 8.) According to the plaintiff's complaint, he had begun to move towards the police vehicle when one of the defendants grabbed him and twisted his arm. (Compl. ¶¶ 8-9.) The plaintiff pulled away, and the defendants, saying that the plaintiff was resisting arrest, maced the plaintiff, threw him to the ground, and handcuffed him. (Compl. ¶ 10.) The plaintiff claims that he was then maced again and kicked in the side at least five times. (Compl. ¶ 11.) The plaintiff was also struck in the side with a night stick. (Compl. ¶ 12.) Subsequently, the plaintiff was charged with being drunk in public and two felony counts of assault and battery on a police officer. The drunk in public charge was nolle prossed. The plaintiff was acquitted of all remaining charges by the jury.

The plaintiff's complaint includes the following claims: (1) the defendants violated the plaintiff's constitutional rights by subjecting the plaintiff to unreasonable and excessive force; (2) the defendants conspired with each other to deprive the plaintiff of his constitutional rights; (3) the defendants failed to intercede so as to prevent the use of excessive force due to intentional conduct or deliberate indifference; and (4) the defendants subjected the plaintiff to discriminatory treatment. The complaint also includes several state claims. The defendants have filed motions to dismiss the plaintiff's claims relating to a conspiracy and to failure to intercede.

## DISCUSSION

A complaint should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) only when the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1992). In

2

considering a motion to dismiss, the court should accept as true all well-pleaded allegations, and view the complaint in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411 (1969).

I.      **Count Two – Conspiracy to Violate Civil Rights**

The plaintiff's second claim states that the defendants conspired to deny the plaintiff of his constitutional rights. The defendants allege that the plaintiff's conspiracy allegation should be dismissed for failure to state a claim because there is no "plurality of actors" to support a cause of action for conspiracy. According to the defendants, the intracorporate conspiracy doctrine applies so that there is no plurality of actors, due to the fact that all three defendants were police officers for the Town of Front Royal at the time of the alleged incident.

The proof of a conspiracy to violate the civil rights of another must meet a "weighty burden," but to withstand a motion to dismiss, the pleadings must meet only the basic standard established in Conley. 355 U.S. at 45-46. See also Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). To establish a conspiracy under 42 U.S.C. § 1983, the plaintiff must show that the defendants acted "jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in ... deprivation of a constitutional right." Hinkle, 81 F.3d at 421.

When defendants are all a corporation and its officers, or officers of the same corporation, the intracorporate conspiracy doctrine provides that the defendants are immune from liability due to the lack of "joint action." Under the doctrine, "[a] corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation." Buschi v. Kirven, 775 F.2d 1240, 1251 (4th Cir. 1985). This immunity

3

is not destroyed even if the agents are sued in their individual capacity. Id. at 1252 ("Simply joining corporate officers as defendants in their individual capacities is not enough to make them persons separate from the corporation in legal contemplation.").

Immunity can be destroyed, however, if an agent is performing an <u>unauthorized</u> act in furtherance of a conspiracy. Id. at 1253. As the United States Court of Appeals for the Fourth Circuit has recognized, "<u>unauthorized</u> acts [of an employee] in furtherance of a conspiracy may state a claim ...." Id. at 1252-53 (citing Hodgin v. Jefferson, 447 F. Supp. 804, 807 (D. Md. 1978)). Even if certain acts of officials would constitute corporate action, unauthorized acts of those officials could not avoid a conspiracy charge. Id. at 1253.

In Hodgin v. Jefferson, the United States District Court for the District of Maryland considered a motion to dismiss based on the intracorporate conspiracy doctrine. 447 F. Supp. at 807. The Court held that individuals employed by the same corporation could be held liable for unauthorized acts committed in furtherance of a conspiracy. Id. The Court ruled that such an exception existed in that case, because the plaintiff had charged that a defendant officer had "ignored the stated policies" of the defendant company, and therefore his alleged actions were unauthorized by the company and the plaintiff had sufficiently pled the requirements of a conspiracy. Id. The court finds these facts to be similar to those in the present case. The plaintiff's allegations are sufficient to invoke the exception to the intracorporate conspiracy doctrine that the actions of the officers were unauthorized, and the plaintiff has therefore stated a cause of action. The defendants' motions to dismiss for failure to state a claim will be denied.

4

## II.     Count Three – Failure to Intercede

The plaintiff's third claim states that certain of the defendants had an opportunity to intercede on behalf of the plaintiff to prevent constitutional violations, but refused to do so as a result of intentional conduct or deliberate indifference. The defendants allege that the plaintiff's allegation fails to state a claim because there is no authority, in a statute or in interpretive case law, to support a separate claim or cause of action for "failure to intercede."

The United States Court of Appeals for the Fourth Circuit has recognized a cause of action under 42 U.S.C. § 1983 for bystander liability. In Randall v. Prince George's County, the Court held that an officer may be obliged to act to protect the constitutional rights of citizens from other law enforcement officers. 302 F.3d 188, 204 (4th Cir. 2002). This theory of liability is based upon the notion that, "it is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge." Id. (quoting Byrd v. Brishke, 466 F.2d 6, 11 (7th Cir. 1972)). An officer may be subject to bystander liability "if he: (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Id.

The court concludes that the plaintiff has stated a claim for bystander liability under Count III, 42 U.S.C. § 1983 – Failure to Intercede. According to the plaintiff's complaint, "[d]efendants ... had opportunities to intercede on behalf of Mr. Chavez to prevent the excessive use of force and the unreasonable seizure but due to their intentional conduct or deliberate indifference declined or refuse to do so." (Compl. ¶ 28.) As described above, the plaintiff has alleged sufficient facts to state a claim for the officers' bystander liability. Under the allegations

5

of the complaint, certain of the defendants knew that officers were using excessive force or carrying out an unreasonable seizure, they had the opportunity to intercede, and they chose not to act. The court finds that the Court of Appeals for the Fourth Circuit has recognized a cause of action for bystander liability under § 1983, and that the plaintiff has stated a claim under this theory. The defendants' motion to dismiss, based on the premise that the plaintiff did not state a claim in Count III, is therefore denied.

## CONCLUSION

For the reasons stated, the defendants' motions to dismiss are denied.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTER: This 28th day of February, 2006.

*/s/ Jack Cancel/*
United States District Judge