CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 1 2 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

FRANCISCO C. CHAVEZ,               )
                                    )
        Plaintiff,                  )        Civil Action No. 5:05CV00034
                                    )
v.                                  )        **MEMORANDUM OPINION**
                                    )
T. A. MCINTYRE,                     )        By: Hon. Glen E. Conrad
BRIAN WHITED,                       )        United States District Judge
JOE GERNDT,                         )
                                    )
        Defendants.                 )

Francisco C. Chavez brings this action pursuant to 42 U.S.C. § 1983 against T. A. McIntyre, Brian Whited, and Joe Gerndt, alleging that the defendants violated his Fourth and Fourteenth Amendment rights by using excessive and unreasonable force, and by denying him due process. Chavez also asserts several state claims against the defendants, including assault and battery, malicious prosecution, and abuse of process. The case was filed in this court on May 23, 2005. The case is currently before the court on the defendants' motion for summary judgment. For the reasons stated in this Memorandum Opinion, the court will grant defendant McIntyre's motion with respect to the plaintiff's § 1983 claims and state claim for assault and battery, and will grant the defendants' motion as to the conspiracy claim and the state claims for malicious prosecution and abuse of process. The court will deny the motion of defendants Whited and Gerndt with respect to the plaintiff's § 1983 claims and with respect to the state claim for assault and battery.

## BACKGROUND

On June 17, 2003, the Front Royal Police Department received a 911 call from the plaintiff's wife, Robin Chavez, reporting that the plaintiff was drunk and about to get into his car. Mrs. Chavez also said that the plaintiff was "going crazy," and that she was afraid he would hurt her son. The plaintiff was confronted outside of his residence by Officer Gerndt. Officers Whited and McIntyre joined Gerndt, and the plaintiff was told that he was being arrested for being drunk in public.

Viewing the conflicts in the evidence in the light most favorable to the plaintiff, Chavez had begun to comply and move towards the police vehicle when one of the defendants grabbed him and twisted his arm. The plaintiff pulled away, and the defendants maced the plaintiff, threw him to the ground, and handcuffed him. The plaintiff claims that he was then maced again and kicked in the side at least five times. He also claims that he was struck in the side with a night stick.

The testimony of several witnesses support these claims. Chris Williams described that the plaintiff was kicked and struck by an object resembling a flashlight. Candace Ankers testified that the plaintiff was kicked while he was down on the ground.

The plaintiff was subsequently charged with being drunk in public and with two felony counts of assault and battery on a police officer. The drunk in public charge was *nolle prossed*, and the plaintiff was acquitted of all remaining charges by a jury.

## DISCUSSION

The case is presently before the court on the defendants' motion for summary judgment. Summary judgment is properly granted if "there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court should grant summary judgment "only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law ...." Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (internal quotations omitted). For the evidence to raise a genuine issue of material fact and avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. Terry's Floor Fashions, Inc. v. Burlington Industries, Inc., 763 F.2d 604, 610 (4th Cir. 1985).

### Plaintiff's § 1983 Claims against Officers McIntyre, Whited, and Gerndt

Section 1983 imposes civil liability on any person acting under color of law to deprive another person of rights and privileges secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In this case, Chavez alleges that the defendants deprived him of his Fourth and Fourteenth Amendment rights by the officers' use of excessive force.

The defendants contend that they are entitled to qualified immunity from Chavez's § 1983 claims. Qualified immunity protects government officials from civil damages in a § 1983 action "insofar as their conduct does not violate clearly established statutory or

3

constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). To determine the applicability of a qualified immunity defense, the court must engage in a two-step analysis. See Saucier v. Katz, 533 U.S. 194, 201 (2001). The first issue is whether, "[t]aken in the light most favorable to the party asserting the injury, ... the facts alleged show [that] the officer's conduct violated a constitutional right." Id. If the answer to this question is "no," the analysis ends and the plaintiff cannot prevail. Gomez v. Atkins, 296 F.3d 253, 261 (4th Cir. 2002). If the answer is "yes," the court "must then consider whether, at the time of the violation, the constitutional right was clearly established, that is, 'whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" Id. (quoting Saucier, 533 U.S. at 201-202).

To determine whether the facts alleged support a claim that the officers violated Chavez's constitutional rights, an analysis must be based upon the Fourth Amendment "objective reasonableness" standard. Wilson v. Flynn, 429 F.3d 465 (4th Cir. 2005). This requires balancing the intrusion on individual interests against the government interest at stake. Graham v. Connor, 490 U.S. 386, 396 (1989). Factors to consider in this analysis include, "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. The court must also consider the extent of the injuries caused to the plaintiff. See Jones v. Buchanan, 325 F.3d 520, 530-31 (4th Cir. 2003) (internal citations omitted); see also Brown v. Gilmore, 278 F.3d 362, 369 (4th Cir. 2002). The reasonableness of the officers' use of force must be determined "from the perspective of a reasonable officer

4

on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396 (recognizing that the police must often make "split-second judgments–in circumstances that are tense, uncertain, and rapidly evolving").

The first factor that must be considered is the severity of the crime at issue. Chavez contends that because his arrest was for a misdemeanor, public intoxication, this factor weighs in his favor. Although the crime for which Chavez was originally arrested was a misdemeanor, it was still criminal activity. See Wilson, 429 F.3d at 468 (comparing the facts of that case to cases in which the plaintiffs had committed no crime before the police used excessive force). In addition, even if the relative severity of the crime does slightly undermine the objective reasonableness of the officers' actions, this factor is only one of several that must be weighed by the court.

The second factor of Graham concerns the threat posed to the safety of the officers or others. Chavez claims that no one was threatened at the time he was seized. According to Chavez, he had agreed to the arrest and had begun to move towards the police vehicle when the officers grabbed his arm. He also asserts that he did not "jerk" away from the officer attempting to handcuff him, and that he was in the process of complying with the officers' order to move towards the police car when he was jumped on and maced. The plaintiff claims that he was maced, kicked, and struck after he was handcuffed. These assertions are supported by the plaintiff's deposition testimony and the deposition testimony of Chris Williams and Candace Ankers. The testimony weighs in favor of Chavez under the Fourth Amendment analysis, and against Whited and Gerndt.

5

There is no issue of material fact, however, as to whether McIntyre used excessive force once the plaintiff was arrested and on the ground. None of the witnesses who identified the officers implicated McIntyre. Williams identified Gerndt as kicking and striking the plaintiff. Williams Dep. 48-49, 52. Williams described McIntyre as "just standing there" after Chavez was down on the ground. Williams Dep. 46. Ankers also identified Gerndt as hitting the plaintiff. Ankers Dep. 17. This factor therefore weighs against Chavez as to defendant McIntyre.

As the officers recognize, the facts of this case are similar to those of Wilson v. Flynn, in which the United States Court of Appeals for the Fourth Circuit found that a reasonable officer could have concluded that Wilson posed a threat to the safety of his family and the officers. These similar facts include: Chavez was drunk, had been "tearing up" his residence, and his wife had contacted the police and told them that she was afraid and requested assistance. These factors are all undisputed. See Chavez Dep. 58, 60; Transcription of 911 Telephone Call 1-3. When Chavez was placed under arrest, he began to engage in a physical struggle with police officers. However, there is a significant difference between the facts of this case and the facts of Wilson. Chavez contends that force was used after his arrest. After the point when Chavez was handcuffed, the degree of threat he posed to the officers and others was extremely mitigated. See, e.g., Young v. Prince George's County, 355 F.3d 751, 757-58 (4th Cir. 2004) (finding that the plaintiff "posed little, if no threat once he was handcuffed behind his back"); Bailey v. Kennedy, 349 F.3d 731, 745 (4th Cir. 2003) ("[i]t was especially clear that they were not entitled to use force after [the plaintiff] was secured face

6

down on the floor in handcuffs and leg restraints"). Viewing the facts in the light most favorable to the plaintiff, force was used on Chavez after he was arrested and handcuffed, and this factor would weigh in favor of Chavez as to officers Whited and Gerndt.

The third factor the court must consider under Graham is whether the plaintiff is "actively resisting arrest or attempting to evade arrest by flight." 490 U.S. at 396. Chavez claims that he was complying with the arrest and any force was used after he was arrested. The plaintiff stated in his deposition that after he was told he was under arrest, he said "that's fine, I mean I'll go, just don't handcuff me." Chavez Dep. 90. As the Fourth Circuit has noted, cases in which excessive force is used after a plaintiff has been restrained are distinguishable from those in which force is used to effect an arrest. See Young, 355 F.3d at 469. According to Chavez's testimony, he was kicked in the side after he was handcuffed. Chavez Dep. 98. In addition, he was struck in the side after he was cuffed and walking towards the police car. Chavez Dep. 103. If the evidence is viewed in the light most favorable to the plaintiff, this factor would also favor Chavez.

The last factor for the court to consider concerns the injuries caused to the plaintiff. See Jones v. Buchanan, 325 F.3d 520, 530-31 (4th Cir. 2003) (internal citations omitted); Brown v. Gilmore, 278 F.3d 362, 369 (4th Cir. 2002). From the plaintiff's own descriptions, his injuries were not severe. From the kicking, the plaintiff suffered redness on his side, but no bruises or broken ribs. Chavez Aff. 99-100. The plaintiff also describes continuing pain on his rib when he pushes on it. Chavez Aff. 137-38. According to the plaintiff, he missed about five days of work due to the pain in his ribs, although he never went to the doctor.

7

Chavez Aff. 158. Chavez also suffered pain from the macing. Chavez Aff. 141. Even viewing this factor in the light most favorable to Chavez, it favors the defendants because it does not appear from the plaintiff's own admissions that he suffered injuries of any magnitude.

After consideration of the relevant factors, the court concludes that defendants Whited and Gerndt are not entitled to a qualified immunity defense, and therefore not entitled to summary judgment. However, summary judgment will be granted with respect to McIntyre. Viewing the facts alleged in the light most favorable to the plaintiff, the severity of the crime, the threat to safety of officers and bystanders, and whether the plaintiff was actively resisting arrest, all weigh in favor of Chavez. Even though Chavez's injuries were not severe, the totality of the circumstances constrain the court to deny defendants Whited's and Gerndt's motion for summary judgment. The facts alleged, however, do not indicate that McIntyre participated in the use of force after Chavez was arrested. The motion for summary judgment as to McIntyre will therefore be granted.

**Plaintiff's § 1983 Conspiracy Claims against Officers McIntyre, Whited, and Gerndt**

Count Two alleges that the defendants conspired to violate Chavez's civil rights. To establish a conspiracy under 42 U.S.C. § 1983, the plaintiff must show that the defendants acted "jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in ... deprivation of a constitutional right." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996).

8

To prove a civil rights conspiracy, the plaintiff must produce direct evidence or "specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." Id. at 421. A plaintiff cannot succeed on a motion for summary judgment by "creat[ing] a genuine issue of material fact through mere speculation or the building of one inference upon another." Id. (internal citations omitted).

Chavez has failed to bear the burden of establishing a civil rights conspiracy. He bases his conspiracy claim on several facts. He alleges that the defendants attempted to pressure witnesses to change their testimony, and elicited false testimony from Kay Foster, who called Chris Williams and asked whether he was getting paid to testify for the plaintiff. According to the plaintiff, Officer Mark Werner had earlier ordered Williams to come to the police department so his statement could be taken. When Williams went outside, he saw that Officer McIntyre was waiting in the police car. Viewing the evidence in the light most favorable to the plaintiff, Chavez has still failed to present any evidence that the defendants shared an understanding to try to accomplish a common and unlawful plan. Although the evidence suggests that Werner did come to Williams' residence, and that Foster did tape-record a conversation with Williams on the telephone, there is no evidence, or even an allegation, that the defendants were involved in these actions. Further, the plaintiff fails to present evidence that the defendants conspired to pursue inaccurate criminal charges or that they conspired to use aggressive police tactics. The court will therefore grant the defendants' motion for summary judgment with respect to Count Two of the complaint.

9

## Plaintiff's State Claims

### Assault and Battery

Count Five of the Complaint asserts that the defendants committed assault and battery by macing and kicking the plaintiff and striking him with a nightstick. The defendants contend that they acted in good faith and that their conduct was lawful.

The Virginia Supreme Court has recognized a "good faith and reasonable belief defense" in regard to the validity of an arrest. Dechene v. Smallwood, 311 S.E.2d 749, 751 (1984). In making an arrest, police officers can use force that is reasonably necessary to make a lawful arrest. Martin v. Gentile, 849 F.2d 863, 869 (4th Cir. 1988).

Viewed in the light most favorable to the plaintiff, the evidence creates a material issue of fact as to whether the defendants' actions occurred after the plaintiff was arrested. If they did, the force would not have been required to make a lawful arrest. There are issues of material fact in regard to whether the use of force was necessary to make an arrest, which must be determined by a finder of fact. The defendants' motion for summary judgment on Count Five must therefore be denied.

### Malicious Prosecution

Count Eight of the Complaint is a state claim against the defendants for malicious prosecution. The defendants respond that there is no material issue of fact on the matter of whether they had probable cause to arrest the plaintiff, and therefore the malicious prosecution claim must be dismissed.

A claim for malicious prosecution is established by proof that a defendant: (1) instituted or procured a criminal prosecution of the plaintiff; (2) without probable cause; (3) acting maliciously; and (4) the prosecution was terminated in a manner not unfavorable to the plaintiff. Brice v. Nkaru, 220 F.3d 233, 237 (4th Cir. 2000). Probable cause to defeat a malicious prosecution claim in Virginia requires "knowledge of such a state of facts and circumstances as excite the belief in a reasonable mind, acting on such facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected." Oldsmobile, Inc. et al. v. Carey, 244 S.E.2d 767 (Va. 1978). Even when viewed in the light most favorable to the plaintiff, the evidence shows that the officers had probable cause to arrest Chavez for public intoxication and for assault and battery on a police officer. The court will therefore grant the defendants' motion for summary judgment on the state claim of malicious prosecution.

## Abuse of Process

In Count Nine of the Complaint, the plaintiff claims that the defendants committed actions that were not proper in the regular prosecution of the proceedings. The plaintiff bases this claim upon the coercion of witnesses, discussed supra.

The Virginia Supreme Court has defined abuse of process claims as those involving "the wrongful use of process after it has been issued." Triangle Auto Auction, Inc. v. Daniel F. Cash, 380 S.E.2d 649, 650 (1989). A plaintiff must prove: (1) the existence of an ulterior purpose; and (2) an action in the use of process that would not be proper in regular prosecution. Id.

11

The plaintiff has failed to advance any evidence in support of the claim that the defendants abused process in the prosecution of this claim. Although the plaintiff provides information about the coercion of witnesses, there is little evidence about the defendants' involvement in these actions. The court will therefore grant the defendants' motion for summary judgment as to the state claim for abuse of process.

## CONCLUSION

For the reasons stated, the court concludes that the facts viewed in the light most favorable to the plaintiff do not establish a violation of his constitutional rights by McIntyre, or a conspiracy among the defendants. The plaintiff has also failed to establish material issues of fact in regard to the elements of malicious prosecution or abuse of process by the defendants. The facts viewed in the light most favorable to the plaintiff do establish a material issue of fact as to a violation of the plaintiff's Fourth Amendment rights and a state claim for assault and battery by Whited and Gerndt. The defendants' motion for summary judgment will be granted in part and denied in part with respect to the plaintiff's § 1983 claims and state claims.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.


ENTER: This _12th_ day of June, 2006.

_____
United States District Judge


12